**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| KIM NICHOLSON, | ) |
| Plaintiff, | ) ) ) |
| | ) Case No. 4:17-cv-1446 |
| vs. | ) ) ) |
| HUNTER WARFIELD, INC., | ) ) |
| Serve at: Hunter Warfield, Inc. c/o Registered Agent, Stephen Sobota 4620 Woodland Corporate Blvd Tampa, FL 33614, | ) ) **JURY TRIAL DEMANDED** ) ) ) |
| And, | ) ) |
| DOES 1-4, | ) ) |
| Defendants. | ) |

**COMPLAINT – CLASS ACTION**

Plaintiff Kim Nicholson ("Plaintiff"), through counsel, brings this action against Defendant Hunter Warfield, Inc. ("Defendant") and DOES 1-4 (collectively "Defendants") to secure redress against Defendants for unlawful collection practices that violated the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), and the and the Missouri Merchandising Practices Act, Mo. Rev. Stat. § 407.010, *et seq.* ("MMPA"), and states for her Complaint:

**JURISDICTION AND VENUE**

1. This Court has original jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and b) Defendant transacts business in this District.

## PARTIES

1. Plaintiff, Kim Nicholson, is a natural person residing within Missouri from whom Defendant attempted to collect an alleged debt. She is a "consumer" or a "person" affected by a violation of the FDCPA, as those terms are defined by 15 U.S.C. §§ 1692a(3), 1692d, and 1692k as well as by MMPA.

2. Defendant Hunter Warfield, Inc. is a foreign corporation with its principal offices at 4620 Woodland Corporate Blvd., Tampa, FL 33614 Hatboro, PA 19040. It does business as a debt collector in Missouri, among other states.

3. DOES 1-4 are principals, agents, owners, and/or entities related to or affiliated with Defendant, including the alleged original creditor "HSN - FLEXPAY DEPT," whose identities are currently unknown.

4. Defendant acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts.

## FACTUAL ALLEGATIONS

5. This action concerns attempts by Defendant to collect an alleged debt incurred by Plaintiff for personal, family or household purposes and not for business purposes.

6. On or about August 10, 2016, Defendant sent Plaintiff the letter attached as **Exhibit A.**

7. Plaintiff received Defendant's August 10, 2016 letter sometime shortly after the date of mailing.

8. The August 10, 2016 letter sent by Defendant constituted Defendant's initial communication with Plaintiff attempting to collect the alleged debt from Plaintiff.

9. On information and belief, **Exhibit A** is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

10. At all times relevant, Defendant is believed to have sent letters in the form of **Exhibit A** not only to Plaintiff but to other similarly situated consumers such that that letter constitutes Defendant's "initial communication" for purposes of Section 1692g of the FDCPA.

11. Defendant's August 10, 2016 letter suggests that Defendant was attempting to collect an alleged debt owed by plaintiff to "HSN - FLEXPAY DEPT".

12. The entity identified by Defendant as "HSN - FLEXPAY DEPT" is believed to be in the business of extending and/or purchasing accounts extended for personal credit in exchange for goods used for personal, family or household purposes.

13. Plaintiff does not recall originating an account with any entity known as "HSN - FLEXPAY DEPT."

14. Upon information and belief, the entity identified by Defendant as "HSN - FLEXPAY DEPT" retained Defendant prior to August 10, 2016, either directly or through an intermediary entity, to collect an alleged debt from Plaintiff.

15. On its face, **Exhibit A** does not meaningfully disclose the identity of the entity to whom Plaintiff is alleged to owe the debt as required by Section 1692g of the FDCPA, because there are no creditors or businesses known to Plaintiff by the name of "HSN - FLEXPAY DEPT".

16. Only after consulting an attorney was Plaintiff able to ascertain that there are a series of entities existing with variations of the name "HSN - FLEXPAY DEPT."

17.     Nonetheless, Defendant's August 10, 2016 letter patently fails to identify which entity(ies) existing with any variation of the name "HSN - FLEXPAY DEPT" was referenced with Defendant's August 10, 2016 letter.

18.     "HSN – FLEXPAY DEPT." is not the name of any company found by the undersigned or known to be Plaintiff's creditor.

19.     Plaintiff was not able to determine which Defendant's f the above entities, if any, Defendant's August 10, 2016 letter related to prior to engaging the undersigned.

20.     Defendant's letter was materially false, deceptive, and misleading.  *But see Janetos v. Fulton Friedman & Gullace*, 825 F.3d 317, 324 (7th Cir. 2016) (holding that evidence of confusion or materiality **unnecessary** to prove violations of Section 1692g).

21.     All of Defendant's collection actions at issue occurred within one year of the date of this Complaint.

22.     Plaintiff never agreed to arbitrate any disputes with Defendant, never agreed to waive her constitutional right to a trial by jury, and never agreed to waive her right to be a class representative in such a case against Defendant.

23.     Defendant's conduct has caused Plaintiff to suffer damages including but not limited to the loss of time incurred by Plaintiff as well as attorneys' fees paid for advice regarding her situation.

24.     Defendant's conduct has caused Plaintiff to suffer damages including and as a direct consequence of the Defendant's acts, business practices, and conduct, Plaintiff also has suffered shame, humiliation, anger, anxiety, emotional distress, fear, frustration, and embarrassment.

25. Congress has found that "[a]busive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a). Congress has found that "[a]busive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a).

26. Here, Plaintiff suffered an injury-in-fact in at least one of the manners contemplated by Congress when it passed the EFTA as well as the FDCPA because of Defendant's conduct.

27. Plaintiff's injury-in-fact is fairly traceable to the challenged conduct of Defendant.

28. Plaintiff's injury-in-fact is likely to be redressed by a favorable decision against Defendant in this Court.

29. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See Gammon v. GC Services, Ltd. Partnership,* 27 F.3d 1254, 1257 (7th Cir. 1994).

## CLASS ALLEGATIONS

30. Pursuant to Fed. R. Civ. P. 23(a) and (b)(3), plaintiff brings this action on behalf of a class.

31. The class consists of (i) all persons with addresses in the State of Missouri (ii) to whom initial communication letters were sent by Defendant in the form of Exhibit A (iii) that did not provide the name the creditor to whom the alleged debt is owed, as required by 15 U.S.C. § 1692g(a)(2), (iv) that were not returned undeliverable by the U.S. Post Office, (v) in an attempt to collect a debt incurred for personal, family, or household purposes, (vi) where no other communications accurately disclosed the information required by 15 U.S.C. § 1692g(a)(2) within

five days of the initial communication letter, (vii) during the one year period prior to the filing of the Complaint in this action through the date of certification.

32. The class is so numerous that joinder of all members is impractical.

33. Plaintiff alleges on information and belief that there are more than 40 members of the class.

34. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

    a. Whether Defendant violated the FDCPA by inadequately identifying the creditor to whom the alleged debt was owed as required by 15 U.S.C. § 1692g(a)(2);

    b. Whether Defendant violated the MMPA by inadequately identifying the creditor to whom the alleged debt was owed within Defendant's initial communication attempting to collect that debt.

35. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling claims involving unlawful collection practices and class actions. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

36. A class is an approximate method for fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendant is small because it is not economically feasible to bring individual actions.

37. Management of this class action is likely to present significantly fewer difficulties than those presented in many class actions (e.g. for securities fraud).

## COUNT I: VIOLATION OF THE FDCPA

38. Plaintiff adopts and realleges all previous paragraphs herein.

39. In relevant part, 15 U.S.C. § 1692g(a) provides:

Validation of debts.  (a) Notice of debt; contents. Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing-

. . .

(2) the name of the creditor to whom the debt is owed . . . .

40. Section 1692g of the FDCPA requires that a debt collector actually provide information about, among other things, the name of a creditor to whom the alleged debt is owed. *See* 15 U.S.C. § 1692g(a).

41. Although the FDCPA "does not say in so many words that the disclosures required by it must be made in a nonconfusing manner . . . it is implicit that the debt collector may not defeat the statute's purpose by making the required disclosures in a form or within a context in which they are unlikely to be understood by the unsophisticated debtors who are the particular objects of the statute's solicitude." *Bartlett v. Heibl*, 128 F.3d 497, 500 (7th Cir. 1997).

42. Defendant's August 10, 2016 letter, **represented in Exhibit A**, failed to accurately provide the name of the creditor to whom the alleged debt was owed when Defendant's letter confusingly indicated to Plaintiff and Class that its letter was attempting to collect a debt regarding Defendant's client/creditor "HSN - FLEXPAY DEPT."

43. Defendant's mere enumeration of "HSN - FLEXPAY DEPT" failed to effectively inform Plaintiff and Class of the identity of the creditor to whom the alleged debt was owed.

44. Defendant's violation of § 1692g of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. *See* 15 U.S.C. § 1692k.

**WHEREFORE**, Plaintiff Kim Nicholson, individually and on behalf of all others similarly situated, respectfully requests judgment be entered against Defendant for the following:

   a. That judgment be entered against the Defendant finding that Defendant violated the Fair Debt Collection Practices Action;

   b. That this action be certified as a class action on behalf of the Class and Plaintiff be appointed as the representative of the Class;

   c. That the Court award actual and statutory damages pursuant to 15 U.S.C. § 1692k(a)(1);

   d. That the Court award statutory damages pursuant to the 15 U.S.C. § 1692k(a)(2);

   e. That the Court award the costs of the action, together with attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

   f. That the Court award such prejudgment and/or post-judgment interest as may be permitted by law; and

   g. That the Court award and/or order such other or further relief in Plaintiff's favor as the Court deems just and proper.

### COUNT II: VIOLATION OF THE MMPA

45. Plaintiff adopts and realleges all previous paragraphs herein.

46. The Missouri Supreme Court has declared that conduct, as Defendant's conduct here, performed in the loan collection context occurs "in connection with" with the sale of merchandise—specifically, the original loan transaction—such that the MMPA applies to the is case. *Conway v. CitiMortgage, Inc.*, 438 S.W.3d 410, 413 (Mo. banc 2014).

47. Defendant used deception, false pretenses, false promises, misrepresentation, factual omissions, and unfair business practices when they deceived Plaintiff about their attempts

to collect the alleged debt without effectively disclosing the name of the creditor to whom the alleged debt was owed.

48. Specifically, it was unfair for Defendant to send the confusing dunning letter stating Plaintiff owed an "indebtedness" to an unrecognizable entity, "HSN - FLEXPAY DEPT," depriving Plaintiff and consumers of basic information required to assess the potential validity of the alleged debt

49. Defendant's above-described communications outside of court attempting to collect the underlying debt were respectively made "in connection with" the original alleged debt at issue for purposes of the MMPA because (a) those actions sought to enforce the original loan's terms and (b) "the sale of a loan lasts as long as the agreed upon services are being (or could be) performed." *Conway*, 438 S.W.3d at 415.

50. Plaintiff would never obtain any credit account, much less the alleged debt at issue, if he had known Defendant would conduct themselves as described herein regarding such account.

51. Defendant's above-described conduct caused Plaintiff an ascertainable loss of including but not limited to the loss of money and time by Plaintiff as well as attorneys' fees paid for advice regarding his situation.

52. Defendant's actions were outrageous, wanton, willful, and in deliberate disregard of Plaintiff's rights and merit punishment.

53. Defendant's violation of MMPA renders it liable for actual damages, costs, and reasonable attorneys' fees.

**WHEREFORE**, Plaintiff Kim Nicholson, individually and on behalf of all others similarly situated, respectfully requests judgment be entered against Defendants for the following:

a. That judgment be entered against the Defendant finding that Defendant violated the Missouri Merchandising Practices Act;

b. That this action be certified as a class action on behalf of the Class and Plaintiff be appointed as the representative of the Class;

c. That the Court award in favor of the Class and Plaintiff, and against Defendant, all available damages permitted by MMPA, including actual, punitive damages pursuant to Mo. Rev. Stat. § 407.025(1) in the largest amount allowed by law, costs, and reasonable attorneys' fees pursuant to Mo. Rev. Stat. § 407.025(1);

d. That the Court award such prejudgment and/or post-judgment interest as may be permitted by law; and

e. That the Court award and/or order such other or further relief in Plaintiff's favor as the Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all Counts so triable.

DATED:  May 5, 2017                                    Respectfully Submitted,


By:   /s/ Nathan D. Sturycz
      Nathan D. Sturycz, #61744MO
      100 N. Main, Suite 11
      Edwardsville, IL  62025
      Phone: 877-314-3223
      Fax: 313-667-2733
      nathan@sturyczlaw.com
      *Attorney for Plaintiff*